referred to, was to the effect that the former question covered time subsequent to proceedings commenced by the bankrupt, and was therefore improper. I think that with the limitation of the question as put now, it should be answered as not controlled by that decision. Which facts and opinion are respectfully submitted to his honor for his decision, with the remark that I think there is much in this case done by the bankrupt (shielding himself behind the advice of his counsel), that it is intended for delay only.

BLATCHFORD, District Judge. It is impossible for the court to decide as to the question raised, for the reason that the certificate does not show what interrogatories preceded the one which the witness refused to answer.

The clerk will certify this decision to the register, James F. Dwight, Esq.

[For collateral proceedings in this litigation, see note to Case No. 10,814.]

## Case No. 10,821.

### The PATTERSON.

[See Case No. 10,795.]

## Case No. 10,822.

### PATTERSON v. ATHERTON.

[3 McLean, 147.] [1]

Circuit Court, D. Indiana. May Term, 1843.

NOTES—ASSIGNMENT — PLEA OF PAYMENT TO ASSIGNOR—PLEADING AT LAW.

1. A plea that the defendant paid the note to the assignor, before he had notice of the assignment, cannot be sustained against the assignee.

2. The plea should aver that the payment was made before the note was assigned, or before it was due. And so where the defendant alleges he paid $500 to the assignor, before he had notice of the assignment. And the averment, that the balance was paid to the plaintiff is defective, as it does not appear that the plaintiff received it as such, in discharge of the note.

At law.

OPINION OF THE COURT. This action is brought on a promissory note, given to Buckminster & Barally, at Philadelphia, for $1,073, on the 4th of March, 1836, payable in six months. The declaration alleges the note to have been assigned to the plaintiff before it became due.

The defendant pleaded, that after the execution of the note, and before he had notice of the assignment, and before the commencement of the suit, the defendant paid to the assignor the amount of the note. He also pleaded that before he had notice of the assignment, he paid to the assignor $500, and after

the assignment, and before the commencement of the suit, he paid the residue to the plaintiff.

To these pleas the plaintiff demurred.

The demurrer must be sustained to both pleas. In the first place, it does not appear that the payment was made to the assignor, before the note was due, or before it was assigned; and the second plea is defective, because it does not appear that the sum of $500 alleged to have been paid to the assignor, before notice of the assignment, was in fact made before the assignment, or before the note was payable; and it does not appear that the balance due was accepted by the plaintiff, as such, in discharge of the note.

There are other issues which require a jury.

## Case No. 10,823.

### PATTERSON v. BALL et al.

[1 Cranch, C. C. 571.] [1]

Circuit Court, District of Columbia. Nov. Term, 1809.

COSTS—TAXATION OF LAWYER'S FEE—BILL DISMISSED.

If the plaintiffs dismiss their bill because they are not competent to sue as executors in the District of Columbia, a lawyer's fee may be taxed against them.

[Cited in Goodyear v. Sawyer, 17 Fed. 13.]

Attachment in chancery. The defendants had by answer denied that the plaintiffs were executors in the District of Columbia. The plaintiffs thereupon dismissed their bill.

[See Case No. 10825.]

Mr. Swann, for plaintiffs.
Mr. Youngs, for defendants.

THE COURT was of opinion that a lawyer's fee should be taxed against the complainants, although they styled themselves executors. The defendants having denied that they were executors, have thrown the burden of proof on the plaintiffs. And by dismissing their bill they have tacitly admitted that they were not competent to sue here as executors. See Law Va. November 19, 1792, p. 98, § 14.

PATTERSON (BALL v.). See Cases Nos. 813 and 814.

## Case No. 10,824.

### PATTERSON et al. v. The BELLE IDA.

[Cited in Rogers v. The Reliance, Case No. 12,019. Nowhere reported; opinion not now accessible.]

PATTERSON (BISPHAM v.). See Case No. 1,441.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. William Cranch, Chief Judge.]